UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CODY BLAKE STONEKING,<br><br>         Plaintiff(s),<br><br>v.<br><br>STATE OF NEVADA,<br><br>         Defendant(s). | Case No.: 2:19-cv-01716-JAD-NJK<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff brings this case *pro se*. Plaintiff did not pay the filing fee, which the Court construes as a request to proceed *in forma pauperis*. *See* Docket No. 1; *see also Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (courts liberally construe the filings of *pro se* litigants).

District courts screen complaints brought by plaintiffs seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e).[1] A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

---

[1] Separate from this screening process, district courts have the authority to dismiss cases *sua sponte* without notice to the plaintiff when he "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

1

Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In this case, Plaintiff has filed a complaint and exhibits thereto totaling nearly 200 pages of rambling discussion. Although not clear, Plaintiff appears at bottom to seek relief related to state court proceedings. *See, e.g.*, Docket No. 1-1 at 4, 14, 19.[2] It is well settled that a federal district court does not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Moreover, the allegations being made are largely nonsensical and incoherent.

In light of the frivolous nature of Plaintiff's claims, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice.

Dated: October 3, 2019

                                                Nancy J. Koppe
                                                United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[2] It appears that Plaintiff was indicted in state court on charges of, *inter alia*, murder. *See* Docket No. 1-1 at 116-17.